**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS WAYNE DERELLO, Jr., AKA Douglas Wayne Derello, | No. 21-15243 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03575-MTL-JFM |
| v. | MEMORANDUM* |
| SANCHEZ, AKA Felicia Sanchez, Sgt.; HARRIS, AKA Nathaniel Harris, Sgt.; UNKNOWN PARTY, named as John Doe (DW), Deputy Warden, SMI #1; JACKSON, named as CO II Jackson; T. LEWIS, #12271, Correctional Officer; IGWE, AKA Dorothy Igwe, Nurse Practitioner at South Unit; named as Dorothy Igwe, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Douglas Wayne Derello appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to defendant Igwe because Derello failed to raise a genuine dispute of material fact as to whether Igwe was deliberately indifferent to Derello's gout. *See id*. at 1060-61 (deliberate indifference is a high legal standard requiring a defendant be aware of and disregard an excessive risk to an inmate's health).

The district court properly granted summary judgment to defendant Harris because Derello failed to raise a genuine dispute of material fact as to whether Harris retaliated against Derello. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

**AFFIRMED.**